**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1228**

US BANK NATIONAL ASSOCIATION, as Trustee of Cabana Series III Trust,

    Plaintiff - Appellee,

    v.

ELIZABETH HARING,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, Chief District Judge.  (5:19-cv-00088-MFU-JCH)

Submitted:  June 18, 2024                         Decided:  June 28, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**    Henry W. McLaughlin, III, THE LAW OFFICE OF HENRY MCLAUGHLIN, PC, Richmond, Virginia, for Appellant.   Diana C. Theologou, MCMICHAEL TAYLOR GRAY LLC, Frederick, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Haring appeals the district court's order granting US Bank National Association's ("US Bank") motion to voluntarily dismiss without prejudice its unlawful detainer action. Haring contends that the district court erred by denying her request that the court condition the dismissal upon US Bank paying her reasonable attorney's fees, costs, and expenses, and barring US Bank from any claim for damages, including rental value and attorney's fees, if it refiles this unlawful detainer action.

After an opposing party serves its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). We review for an abuse of discretion the district court's order granting a Rule 41(a) motion for voluntary dismissal. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). When deciding a Rule 41(a) motion, the district court should consider "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, . . . insufficient explanation of the need for a dismissal, . . . [and] the present stage of litigation." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (citations and internal quotation marks omitted).

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis*, 819 F.2d at 1273. "[T]o obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice," the Rule "permits the district court to impose conditions on voluntary dismissal." *Id.* "[P]rotecting the interests of the defendant" must be the district court's primary consideration when deciding a Rule 41(a)(2) motion. *Id.*

2

The district court granted US Bank's motion to dismiss without prejudice after finding that the case "had not preceded to a point where voluntary dismissal would prejudice any party." The court declined to impose Haring's requested conditions, explaining that the conditions were not appropriate because US Bank sought voluntary dismissal based on recent events outside of US Bank's control. In making these determinations, however, the district court did not address Haring's contention that she would be substantially prejudiced if US Bank were to refile an unlawful detainer action and include a claim for rental value.

Haring notes that, in recommending that the district court deny US Bank's motion for summary judgment, the magistrate judge found that there existed a genuine issue of fact as to whether Haring was in possession of the subject property at the time US Bank filed its complaint and that such possession was an essential element of US Bank's unlawful detainer action. Haring asserts that, after filing the action, US Bank returned possession to her, thereby purporting to resolve an issue identified by the district court.[1] She contends that, if US Bank is permitted to refile an unlawful detainer action and seek damages in the form of rental value—when it did not seek such relief in the underlying action—she will likely suffer substantial prejudice. Because "protecting the interests of the defendant" must be the district court's primary consideration when deciding a Rule 41(a)(2) motion, *Davis*, 819 F.2d at 1273, and because the district court did not

---

[1] The district court adopted the magistrate judge's recommendation to deny US Bank's motion for summary judgment, concluding that there existed a genuine issue of fact as to whether US Bank or Haring had possession of the property at the time US Bank filed the unlawful detainer action.

3

address the potential prejudice Haring faces if US Bank refiles the unlawful detainer action and includes a claim for rental value, we vacate the district court's order and remand for further proceedings.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] We express no opinion on the ultimate resolution of the motion.